[794 NYS2d 389]

In the Matter of Marvin L. Schwartz, a Suspended Attorney, Respondent. Grievance Committee for the Ninth Judicial District, Petitioner.

Second Department, April 11, 2005

APPEARANCES OF COUNSEL

*Gary L. Casella,* White Plains (*Antonia Cipollone* of counsel), for petitioner.

*Hindshaw & Culbertson, LLP,* New York City (*Hal R. Lieberman* of counsel), for respondent.

OPINION OF THE COURT

Per Curiam.

The petitioner served the respondent with a petition dated December 22, 2003, as amended by stipulation dated May 10, 2004, containing two charges of professional misconduct. After a hearing on May 10, 2004, the Special Referee sustained both charges. The petitioner now moves to confirm the Special Referee's report and to impose such discipline upon the respondent as the Court deems just and proper. The respondent's counsel has submitted an affirmation in response joining in the petitioner's request that the Special Referee's report be confirmed and urging the Court to impose the most lenient sanction that it deems just and equitable.

Charge One alleges that the respondent was convicted of a serious crime within the meaning of Judiciary Law § 90 (4) (d) and 22 NYCRR 691.7 (b).

On January 8, 2003, the respondent entered a plea of guilty in the Criminal Court of the City of New York, New York County, to violating General Business Law § 352-c (1) (c), (4), an unclassified misdemeanor. That section prohibits the use of any representation or statement which is false. The respondent's plea concerned a representation made to the New York State Department of Law in or about December 1999.

Charge Two alleges that the respondent engaged in conduct adversely reflecting on his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]).

The respondent submitted an application for a "no action letter" to the New York State Department of Law Real Estate Financing Bureau. In the transmittal letter accompanying the application, the respondent represented that there were no

vacant or sublet units of any kind in the building he sought to convert to condominium ownership. The respondent stated in the letter that he had no actual knowledge of any omission or untrue statement of material fact included in the application. The respondent later admitted, when entering his plea, that the aforesaid statement was not true and that he knew it to be untrue at the time he made the statement.

Based on the respondent's admissions and the evidence adduced, the Special Referee properly sustained both charges. The motion to confirm the Special Referee's report is granted.

In determining an appropriate measure of discipline to impose, the respondent asks the Court to consider his full cooperation with the petitioner, the Court, and the Attorney General since the inception of this investigation, his expressed remorse, the absence of any dishonest or selfish motive, the testimony of five witnesses with respect to his stellar reputation for honesty and integrity, his numerous pro bono activities, and his unblemished record. Notwithstanding the pressure exerted upon him by his clients, the respondent assumed full responsibility for submitting documents which were not completely accurate. The respondent's probation officer revealed that his probation was terminated by court order, effective May 14, 2004.

Under the circumstances, the respondent is reinstated to the practice of law and is publicly censured for his professional misconduct.

PRUDENTI, P.J., FLORIO, H. MILLER, SCHMIDT and S. MILLER, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent, Marvin L. Schwartz, is hereby publicly censured for his professional misconduct; and it is further,

Ordered that, effective immediately, the respondent, Marvin L. Schwartz, is reinstated to the practice of law.