ATTORNEY DISCIPLINARY PROCEEDINGS
PER CURIAM.
Respondent is licensed to practice law in Louisiana and in New York, where he currently resides. In 1999, respondent submitted an application for a “no action *1083 letter” to the New York State Department of Law Real Estate Financing Bureau, in which he represented that there were no vacant or sublet units of any kind in a building he sought to convert to condominium ownership. Respondent subsequently admitted that this representation was untrue, and that he knew his statement was untrue at the time he made it. In 2003, respondent pleaded guilty to a violation of New York General Business Law § 352-c(l)(c), (4), an unclassified misdemeanor, which prohibits the use of any representation or statement that is false. On April 11, 2005, the Supreme Court of the State of New York, Appellate Division: Second Judicial Department publicly censured respondent for his professional misconduct. In re Schwartz, 18 A.D.3d 44, 794 N.Y.S.2d 389 (2005).
Prior to the filing of formal charges against respondent in Louisiana, a joint petition for consent discipline was submitted by respondent and the Office of Disciplinary Counsel. The parties stipulate to respondent’s misconduct and his subsequent misdemeanor conviction, a violation of Rule 8.4(b) of the Louisiana Rules of Professional Conduct. The parties seek the imposition of the same discipline in Louisiana as was imposed upon respondent in New York, namely a public reprimand. Having reviewed the petition,
LIT IS ORDERED that the Petition for Consent Discipline be accepted and that Marvin L. Schwartz, Louisiana Bar Roll number 9906, be publicly reprimanded.
IT IS FURTHER ORDERED that the judgment herein shall have the effect of immediately reinstating respondent from the interim suspension imposed in In re: Schwartz, 04-0519 (La.4/2/04), 870 So.2d 982.
IT IS FURTHER ORDERED that all costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.